IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:22-CR-00003 (WLS-TQL) |
| | : |
| CHASE LESLIE WHITE, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

### ORDER

Before the Court is an "Unopposed Motion to Continue" filed by Defendant Chase White in the above-styled action on June 22, 2022. (Doc. 27.) Therein, the parties request that this Court continue to the next available trial term. (*Id.*) Defendant White was indicted on a two-count indictment on January 11, 2022. (Doc. 1.) He was arraigned before the Honorable Magistrate Judge Thomas Q. Langstaff on April 19, 2022. (Doc. 14.) The Court previously continued this case to the August 2022 trial term on May 6, 2022.[1] (Doc. 23.) In his instant request, Defendant White argues that "more time is needed for defense counsel to finish investigation [sic] to file a motion to suppress."[2] (Doc. 27 at 2.) Defendant also indicates that he and the Government have "agreed more time is needed for further negotiations." Per the motion, the Government does not oppose Defendant's requested

---

[1] Defendant incorrectly states in his motion that the Court set his case for the "July 6th trial term" and requests that the case be continued to the "October trial term." (Doc. 27 at 1, 2.) The Court previously ordered that this case be continued to the August 2022 trial term. (Doc. 23.) A *pretrial conference* for the August trial term was scheduled for this case on July 6, 2022. (Doc. 26.) There is no July trial term for this Court. The Court's next trial term after the upcoming August 2022 term in the Valdosta Division will begin in November 2022, not October 2022.

[2] In response to a Court Order requiring the Parties to confer and inform the Court as to their preparedness for trial, Defendant indicated that he was contemplating a motion to suppress. (Doc. 25.) The Order to confer made clear that a response indicating the Parties were ready for trial was required by Wednesday, June 15, 2022 or, if the Parties were not prepared for trial, a pretrial conference would be set for the August 2022 term absent a motion to continue. (Doc. 24.) Defendant did respond but did not move to continue the case by the June 15, 2022 deadline. As stated in the Order, absent any move to continue, a pretrial conference was scheduled. (Doc. 26.) The Court now considers the move to continue this case from the August 2022 term to the November 2022 trial term in the Valdosta Division of this Court because Defendant has filed a motion requesting as such on the record.

continuance. (*Id.* at 1.)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Based on the Defendant's stated reasons, the Unopposed Motion to Continue (Doc. 27) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant the necessary time and preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. The Court also finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). It is **ORDERED** that the case is **CONTINUED** to the November trial term in Valdosta, Georgia, which begins November 7, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the November 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The pretrial conference scheduled for this case on July 6, 2022 at 3:00pm in the Albany Division of this Court is hereby **CANCELLED** and shall be rescheduled for a future date by separate Order in conformance with the November 2022 trial term.

**SO ORDERED**, this 24th day of June 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**