IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.: 7:22-CR-00003 (WSL-TQL-1) |
| | : | |
| CHASE LESLIE WHITE, | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

# ORDER

Before the Court is Defendant Chase Leslie White's "Motion to Suppress Evidence and for an Evidentiary Hearing" filed on August 16, 2022. (Doc. 29.) Therein, White moves the Court to hold a *Franks*[1] hearing to suppress "all evidence, statements and observations" obtained from searching the 55 Bobby Street residence in Lenox, Georgia. (*Id.*, at 1)

## RELEVANT PROCEDURAL HISTORY AND SUMMARY OF FACTS

On January 11, 2022, White was indicted in a three-count indictment. (Doc. 1). Count One charged White with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.*) Count Two charged White with Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On April 19, 2022, White was arraigned before United States Magistrate Judge Thomas Q. Langstaff and ordered detained; he also plead not guilty to the indictment. (Docs. 14; 15; 16). The Court previously granted White's motions to continue trial on May 6, 2022, and June 24, 2022. (Docs. 23; 28). On August 16, 2022, White submitted this Motion to Suppress and Request for an Evidentiary

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

1

Hearing. (Doc. 29). Government filed its Response opposing White's Motion on September 6, 2022. (Doc. 31). Defendant has not filed a Reply.

In his Motion (Doc. 29), White requests that the Court hold an evidentiary hearing so that "all evidence, statements, and observations that were obtained" as well as "any fruits of that illegal search" that took place at 55 Bobby Street in Lenox, Georgia, could be suppressed. (Doc. 29, at 1). White argues that an officer's affidavit, which was the basis for the search warrant, is "insufficient and lacks probable cause." (Doc. 29, at 5).

On June 1, 2021, officers searched the residence of another individual named James Brodie May after learning that May might have been selling firearms. (Doc. 29, at 1.) During the execution of the arrest warrant, five firearms, two of which were reportedly stolen, and methamphetamine were discovered at May's house. (Docs. 29, at 1; 31, at 1.) Another person at May's residence told Investigator Rebbeca Dowdy that White had been at the residence. (Docs. 29, at 1; 31, at 1–2.) May also told Investigator Purvis that he received the stolen guns from a person named "Chase." (Docs. 29, at 2; 31, at 2.)

According to Investigator Purvis's probable cause affidavit, a "separate source" also informed Investigator Purvis that White and May were "known to associate," and that source had also "seen several firearms" at White's residence at 55 Bobby Street in Lenox within "the last two weeks." (Docs. 29, at 2; 31, at 2). The source also stated that White has firearms inside a safe at the 55 Bobby Street residence, and White uses methamphetamine routinely. (Docs. 29, at 2; 31, at 2.) The affidavit further noted that Lowndes County Sheriff's Office was also in the process of "investigating White for numerous thefts from automobile." (Docs. 29, at 2; 31, at 2.) In the affidavit, Investigator Purvis also included and discussed his years of experience with firearms and sale or possession of controlled substances. (Doc. 31, at 2.)

2

On July 7, 2021, law enforcement officers searched the 55 Bobby Street residence pursuant to a search warrant that was sought by Investigator Kevin Purvis and signed by the Cook County Magistrate Judge. (Doc. 29, at 1.) White argues that law enforcement officers' search of his residence was illegal because they entered the residence at 11:30AM, which was about three hours before the magistrate judge signed the search warrant at 2:30 PM. (*Id.* at 4). In addition, White claims that Investigator Purvis's affidavit was based on information from a source "with no information as to the reliability or veracity." (*Id.* at 4–5). White contends that these reasons make the affidavit "insufficient and lack[] the probable cause" and now moves the Court for an evidentiary hearing so that all evidence or statements obtained as the result of this search could be suppressed. (*Id.* at 1, 5).

On the other hand, Government asserts that the affidavit is based on sufficient probable cause, and it contains corroborating information. (Doc. 31, at 2–3.) Government also contends that White's claim that law enforcement entered the home before obtaining the warrant is "unsupported," and such claim nevertheless "does not call for an evidentiary hearing." (Doc. 31, at 5).

## **LEGAL STANDARDS**

Under the Fourth Amendment, an individual may challenge the truthfulness of a police officer's sworn statements supporting a search warrant. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). An individual may do so at an evidentiary hearing or a *Franks* hearing, which is a "proceeding in which a defendant seeks to suppress evidence based on the falsity of an affiant's declarations." *Franks v. Delaware*, 438 U.S. 154 (1978). But an individual's right to such a hearing is limited and narrow.

3

Generally, affidavits supporting arrest or search warrants are presumptively valid. *Id.* at 171. The supporting affidavits of warrants are not critiqued in a hyper-technical manner, and a commonsense approach is applied. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). Probable cause for a search warrant is established if all circumstances set forth in the affidavit shows a "fair probability" that evidence of the crime or contraband will be found in a particular place. *Id.* at 238.

So, "[t]o attack the veracity of a warrant affidavit, a defendant must make a preliminary showing that the affiant made intentional misstatements or omissions (or made misstatements with reckless disregard for their truthfulness) that were essential or material to the finding of probable cause." *United States v. Burston*, 159 F.3d 1328, 1334 (11th Cir. 1998). This is essentially a two-prong test. First, a defendant must make an initial showing that is "more than conclusory" and more than mere allegations of negligence or innocent mistakes. *Id.* at 171. This means that a defendant's allegations should "point out specifically the portion of the warrant affidavit that is claimed to be false" and accompanied by supporting statement of reasons, such as affidavits, or sworn or other reliable statements of witnesses, or a satisfactory explanation of their absence. *Id.* at 156. Second, once a defendant proved the specific portions of the affidavit that is false, the Court will then assess whether those false statements or omissions in the affidavit were material to finding of probable cause. *Id.*; *United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009). If a defendant can satisfy these requirements, the Fourth Amendment requires that an evidentiary hearing be heard. *Franks*, 438 U.S. at 155–56.

## **DISCUSSION**

Here, White does not offer persuasive evidence that the affidavit had omissions, lies, or misstatements that were recklessly or intentionally made. In fact, White does not contend that statements in the affidavit are necessarily false. White only contends that the veracity or reliability of the "source" who gave Investigator Purvis the information, which was used in the affidavit for the search warrant, is questionable because no information is provided about the informant. (Doc, 29, at 4). Otherwise, White has not alleged that Investigator Purvis has manufactured the informant, lied about the informant, or that Investigator Purvis should have known that informant was lying.

The Court acknowledges general concerns about confidential informants. And it is undisputed that Investigator Purvis's affidavit does not provide any direct reference to the reliability of the "separate source." (*See* Doc. 31-1, at 2). But an affidavit for a search warrant could "be based on hearsay, on fleeting observations, and on tips received from unnamed informants whose identity often will be properly protected from revelation." *Franks*, 438 U.S. at 167. The Eleventh Circuit also found an officer's affidavit, which was based on a confidential informant, had a sufficient showing of probable cause the confidential informant's "basis of knowledge was good." *United States v. Brundidge*, 170 F.3d 1350, 1353 (11th Cir. 1999). In *Brundidge*, the confidential informant gave a detailed description of the drugs and the sale of those drugs to law enforcement. *Id.* "An explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitled the [informant's] tip greater weight than might otherwise be the case." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 234 (1983)).

5

Similarly, here, the "separate source" gave sufficient, particular information for the Cook County Magistrate Judge to find probable cause for the search warrant. The source informed Investigator Purvis about White and May being associates, which matched what May and the other individual at May's residence told Investigators Purvis and Dowdy. (Doc. 31-1, at 2). The source also told Investigator Purvis that they saw rifles, pistols, and a safe that contained "several firearms" at White's 55 Bobby Street residence in the "last two weeks." (*Id.*) Investigator Purvis's affidavit also included detailed information about Investigator Purvis and other investigators' execution of the arrest warrant for May, their interaction with May, and May's statement to Investigator Purvis about receiving the stolen guns from Chase White.

The Eleventh Circuit has also held that an affidavit establishes a sufficient, probable cause to search if it connects a defendant with the alleged criminal activity and the place to be searched. *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). Here, the affidavit was sufficiently particular as it provided a proper nexus to alleged criminal activity (possession of firearm by a convicted felon) and the place to be searched (the Bobby Street address), which is something White also acknowledges that the affidavit provided. (Doc. 29, at 4–5).

At the same time, White contends that officers arrived at his residence at 11:30AM, about three hours earlier than when the Cook County Magistrate Judge signed the search warrant at 2:30PM. Government argues that this claim is unsupported because White has not offered evidence that shows the search occurred before obtaining the warrant, and the agents searched the residence in reliance of the search warrant that was issued by a neutral, detached, and "fully informed" magistrate judge, so the "good faith" exception would apply. (Doc. 31, at 5). Ultimately, Government contends that White's unsupported claim about officers searching his residence before 2:30PM would not call for a *Franks* hearing.

6

The Court agrees with Government's contention that White has failed to support his claim with supporting evidence that the search occurred three hours before the warrant was signed. As a result, and for all the reasons stated, a *Franks* hearing is not required because White has ultimately failed to prove or support his allegation that the affidavit was insufficient for a finding of probable cause or that it contained false information.

## **CONCLUSION**

Accordingly, the Court finds that the affidavit provided probable cause for the issuance of a search warrant, and no *Franks* hearing is required. Therefore, White's Motion to Suppress and for Evidentiary Hearing (Doc. 29) is **DENIED.**

**SO ORDERED**, this 22nd day of September 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**